# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2022

Lyle W. Cayce
Clerk

No. 22-50248
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRUZ AGUIRRE CRUZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 22-50264

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRUZ AGUIRRE-CRUZ,

*Defendant—Appellant*.

No. 22-50248
c/w No. 22-50264

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-1001-1
USDC No. 4:18-CR-596-2

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Cruz Aguirre Cruz appeals his guilty plea conviction and sentence for illegal reentry after deportation under 8 U.S.C. § 1326(a) and (b)(2). He also appeals the district court's order revoking the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

On appeal, Aguirre Cruz argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Aguirre Cruz acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Aguirre Cruz is correct that his argument is foreclosed. Because his position "is clearly right as a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

2

No. 22-50248
c/w No. 22-50264

matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Aguirre Cruz's motion for summary disposition is GRANTED, and the judgments of the district court are AFFIRMED.